986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chandra Inell WARREN, Defendant-Appellant.
 No. 92-5048.
 United States Court of Appeals, Tenth Circuit.
 Jan. 22, 1993.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Chandra Inell Warren appeals from the district court order revoking her supervised release after determining that she violated conditions of her supervised release. She was then ordered imprisoned for nine months, to be followed by a twenty-four month term of supervised release. 18 U.S.C. § 3583(e)(3).
 
 
 3
 The only issue on appeal is whether the evidence presented on the government's petition was sufficient to support the district court's finding. We review the district court's decision to revoke supervised release under an abuse of discretion standard. United States v. Stephenson, 928 F.2d 728, 731-32 (6th Cir.1991).
 
 
 4
 Defendant was originally sentenced on March 11, 1991, to imprisonment for six months, followed by three years of supervised release, after pleading guilty to two counts of fraudulent use of a social security number. During supervised release defendant was required to participate in substance abuse screening and counseling under the direction of the United States Probation Office. A standard condition of supervised release also includes a prohibition on possession or use of narcotics or other controlled substances. During her period of supervised release, defendant's probation officer received evidence that defendant's urine samples tested positive for cocaine usage. Based upon that evidence, her probation officer filed a petition seeking revocation of her supervised release.
 
 
 5
 At the hearing on the petition, the government presented documentary evidence of eight urine samples collected during December 1991 and January 1992 that tested positive for cocaine usage. In response, the defendant denied having used cocaine at any time during her supervised release and stated the testing procedures were unreliable.
 
 
 6
 We give due deference to a district court's evaluation of the credibility of evidence received during sentencing. United States v. Cook, 949 F.2d 289, 296-97 (10th Cir.1991). After review of the record we conclude the district court did not abuse its discretion in accepting the documented evidence that defendant violated the terms of her supervised release. Defendant did not challenge the accuracy of the urine samples or testing procedures with any authoritative evidence. We believe the district court properly concluded that the government established by a preponderance of the evidence that defendant violated a condition of her supervised release. 18 U.S.C. § 3583(e)(3). The district court also correctly considered the factors contained at 18 U.S.C. § 3553(a)(2) in sentencing defendant.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3